**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

OTIS BLAXTON, *pro se,*

    Plaintiff,

v.                                                         Case No. 8:10-cv-2340-T-30AEP

CITY OF TAMPA, et al.,

    Defendants.
_____/

## **O R D E R**

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff's claims are barred by the expiration of the statute of limitations.

**Plaintiff's Allegations**

Plaintiff alleges that in case numbers 99-22563 and 98-5646 in the 13th Judicial Circuit, Hillsborough County, Florida, after violating probation, he was sentenced in violation of the United States Constitution. He next asserts that on May 18, 2004, the Second

District Court of Appeal reversed his sentences and remanded his case for resentencing.[1] He complains that Defendants "detained [him] excessively." He asserts a claim for false arrest and malicious prosecution. For relief, he requests "punitive or exemplary damages, pecuniary punishment, nominal damages for the time he was detained excessively."

**EXPIRATION OF THE STATUTE OF LIMITATIONS BARS COMPLAINT**

Plaintiff's claims accrued no later than May 2004 when his sentences were reversed by the state appellate court.[2] Plaintiff had four years from that date to allege any viable claims against Defendants in a 42 U.S.C. § 1983 action. See Section 95.11(3)(o), Fla. Stat. (action for false arrest, malicious prosecution, or false imprisonment must be commenced within four years). That time period has expired.

"The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." *Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted). The United States Supreme

---

[1] In *Blaxton v. State*, 868 So. 2d 620 (Fla. 2d DCA 2004), the Second District Court of Appeal determined that after Plaintiff was sentenced to 44.25 months incarceration, completed boot camp, had his sentences modified to 44 months probation, then violated probation, the trial court's sentence of 44 months of continued probation, with a special condition that Plaintiff serve 364 days' imprisonment was not permitted under Florida law. The Second District Court of Appeal reversed the sentence and remanded with directions to strike the continued probationary terms. The Court notes that the Second District Court of Appeal did not reverse the trial court's 364 days' imprisonment sentence.

[2] "A statute of limitations 'runs from the time the cause of action accrues' which, in turn, is generally determined by the date 'when the last element constituting the cause of action occurs.'" *Hearndon v. Graham*, 767 So. 2d 1179, 1184-1185 (Fla. 2000) (quoting § 95.031, Fla. Stat. (1987)). "For a cause of action for malicious prosecution, the right to maintain a suit arises upon termination of the prosecution favorably to the plaintiff." *Olson v. Johnson*, 961 So. 2d 356, 359 (Fla. 2d DCA 2007). A cause of action for false arrest and imprisonment accrues on the day of plaintiff's arrest. *Leatherwood v. City of Key West*, 347 So.2d 441, 442 (Fla. 3d DCA 1977), *cert. denied*, 358 So.2d 131 (Fla. 1978). *See also Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) (a claim for damages relating to a conviction or sentence accrues on the date when the conviction or sentence is reversed).

Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985); *Mullinax v. McElhenney*, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under *Wilson*, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3).

Plaintiff did not sign the present complaint until October 13, 2010, more than four years after his claims accrued. Therefore, his complaint is barred by expiration of the four-year statute of limitations.

Accordingly, the Court **ORDERS** that Plaintiff's complaint is dismissed. The Clerk is directed to terminate any pending motions, and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 20, 2010.

>                    _____
>                    JAMES S. MOODY, JR.
>                    UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*